United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br>MDL. No. 1827 |
| This Order Relates to:<br><br>*AT&T Mobility LLC v. AU Optronics Corp., et al.,* C 09-4997 SI<br><br>*Best Buy Co., Inc. v. AU Optronics Corp., et al.,* C 10-4572 SI<br><br>*Costco Wholesale Corp. v. AU Optronics Corp., et al.,* C 11-0058 SI<br><br>*Dell, Inc. and Dell Products, L.P. v. Sharp Corp., et al.,* C 10-1064 SI<br><br>*Eastman Kodak Co. v. Epson Imagining Devices Corp., et al.,* C 10-5254 SI<br><br>*Electrograph Systems, Inc. v. Epson Imaging Devices Corp., et al.,* C 10-0117 SI<br><br>*Motorola Mobility, Inc., et al. v. AU Optronics Corp., et al.,* C 09-5840 SI<br><br>*Target Corp. v. AU Optronics Corp., et al.,* C 10-4945 SI / | Case Nos.: C 09-4997 SI; C 10-4572 SI; C 11-0058 SI; C 10-1064 SI; C 10-5254 SI; C 10-0117 SI; C 09-5840 SI; 10-4945 SI<br><br>**ORDER DENYING DEFENDANTS' OBJECTION TO SPECIAL MASTER'S ORDER STRIKING EXPERT REPORTS** |

Defendants have filed an objection to the Special Master's Order granting plaintiffs' motion to strike defendants' sur-rebuttal expert reports. *See* Special Master's Order Re Plaintiffs' Motion to Strike Defendants' Sur-Rebuttal Expert Reports and AUO's Expert Opinions, Master Docket No. 6481 (Aug. 17, 2012). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for September 28, 2012.

Having considered the parties' papers, and for good cause appearing, the Court hereby DENIES defendants' objection.

The Special Master's Order concerned plaintiffs' request to strike the eleven sur-rebuttal expert reports filed by defendants. The Special Master found that defendants neither "sought leave of court to modify the July Scheduling Order to allow sur-rebuttal reports," nor "demonstrated that Plaintiffs' rebuttal reports crossed the line of appropriate rebuttal by articulating wholly new theories and opinions." Order at 3. Instead, the Special Master determined that plaintiffs' reports "properly limited themselves to responding to Defendants' criticism of their opening reports and to reinforcing the evidence and analysis supporting the original opinions they articulated." *Id*. On these grounds, the Special Master granted plaintiffs' motion to strike defendants' sur-rebuttal reports. Defendants object to the Special Master's Order.

The question of whether a party has shown "good cause" for deviating from a court-imposed pretrial schedule is a procedural matter that this Court reviews for abuse of discretion. *See* Order Appointing Martin Quinn as Special Master, Master Docket No. 1679, at ¶ 18 (April 12, 2010); Fed. R. Civ. P. 53(f)(3)-(5). Courts are given "particularly wide latitude" in determining whether to issue discovery sanctions under Rule 37. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1106 (9th Cir. 2001) ("Rule 37(c)(1) gives teeth to [the Rule 26] requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed.").

The Court agrees with the reasoning set forth in the Special Master's Order and therefore adopts the Order in its entirety. Defendants' justification for allowing the proposed sur-rebuttals does not amount to good cause under the July 2011 Scheduling Order. Nor have defendants convinced the Court that their untimely submission of the proposed sur-rebuttal reports is "substantially justified or harmless" under Federal Rule of Civil Procedure 37(c)(1). *See*, *e.g.*, *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011). Defendants' argument that "the trials would biased and unfair in the absence of a right to respond to [plaintiffs'] new rebuttal opinions," Motion at 25, is unconvincing. Not only did the Special Master correctly conclude that plaintiffs' rebuttal reports do not articulate "wholly new theories and opinions," defendants will have an opportunity at trial to cross examine plaintiffs' experts and challenge the bases for their opinions.

Accordingly, the Court DENIES defendants' objection to the Special Master's Order. Master Docket No. 6668; Docket No. 366 in C 09-4997 SI; Docket No. 441 in C 09-5840 SI; Docket No. 265 in C 10-0117 SI; Docket No. 334 in C 10-1064 SI; Docket No. 260 in C 10-4572 SI; Docket No. 344 in C 10-4945 SI; Docket No. 264 in C 10-5452 SI; and Docket No. 264 in C 11-0058 SI.

**IT IS SO ORDERED.**

Dated: September 26, 2012

SUSAN ILLSTON
United States District Judge